UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Case No. 08-20265

v.                                           Honorable John Corbett O'Meara

TERRENCE LAMAR TYLER,

    Defendant.
                                           /

**ORDER DENYING**
**DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

    This matter came before the court on defendant Terrence Lamar Tyler's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c). The government filed a response. No reply was filed, and no oral argument was heard.

    Defendant Tyler moves for a reduction in his sentence based on an amendment to the Sentencing Guidelines which amended the Drug Quantity Table at U.S.S.G. § 2D1.1(c) by lowering the base offense level by two levels for specific drug quantities. These amendments were made retroactive effective November 1, 2015, through U.S.S.G. § 1B1.10(d) and (e).

    "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted

by statute." United States v. Curry, 606 F.3d 323, 326 (6th Cir. 2010). To determine whether a defendant is eligible for a resentencing, "(1) the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission: and (2) such reduction [must be] consistent with applicable policy statement issued by the Sentencing Commission." United States v. Riley, 726 F.3d 756, 758 (6th Cir. 2013). If eligible, "[t]he court may then consider whether the authorized reduction is warranted, either in whole or in party, according to the factors set forth in § 3553(a)." United States v. Thompson, 714 F.3d 946, 949 (6th Cir. 2013).

To determine whether a sentence was based on a "subsequently lowered guideline range," a court must "consider whether the original sentence was, if fact, based on such a range." United States v. Hameed, 614 F.3d 259, 264 (6th Cir. 2010). "A district judge's mere calculation of the sentencing range under § 2D1.1 does not render a defendant's sentence 'based on' the crack guidelines range if that range is subsequently trumped by another provision of the guidelines." Id. at 262.

In this case defendant Tyler moves this court for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c), based upon the retroactive change to the base offense level for cocaine offenses. However, Tyler was not sentenced under the cocaine guidelines; rather, he was sentenced as a career offender. The Sentencing Commission

has not lowered the sentencing range for career offenders. See United States v. Webb, 760 F.3d 513, 519 (6th Cir. 2014) (holding defendant ineligible for reduction in sentence because his original sentence was based on application of career offender guidelines, which have not been lowered by any amendments to the Guidelines). Accordingly, defendant Tyler has not met the eligibility requirements for a reduction of his sentence.

## ORDER

It is hereby **ORDERED** that defendant Tyler's motion for reduction of sentence is **DENIED.**

                                             s/John Corbett O'Meara
                                             United States District Judge

Date: January 10, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 10, 2017, using the ECF system.

                                             s/William Barkholz
                                             Case Manager