UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 08-CR-20265
HON. MARK A. GOLDSMITH

TERRENCE LAMAR TYLER,

Defendant.
_______________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Dkt. 186)**

In this criminal case, Defendant Terrence Lamar Tyler was convicted of a drug offense. *See* Am. Judgment (Dkt. 127). Tyler was sentenced to 198 months' imprisonment, to be followed by a 5-year term of supervised release. Id. Tyler was released from custody and is now serving his term of supervised release. Acting pro se, Tyler moves for early termination of his term of supervised release. (Dkt. 186).

After a defendant has served at least one year of a term of supervised release, the Court may order early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Hale, 127 F.4th 638, 640 (6th Cir. 2025) (quoting United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020)).

"Section 3538(e)(1) requires the district court to determine whether early termination 'is warranted by the conduct of the defendant released and the interest of justice,' in addition to certain § 3553(a) factors." Id. at 641. Those factors include the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences provided by the applicable sentencing guideline calculations, policy statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution. United States v. Tavarez, 141 F.4th 750, 756 (6th Cir. 2025).

The Sixth Circuit has explained that while "exceptionally good" conduct is not an "absolute prerequisite to relief," it may certainly be considered by a district court considering a motion for early termination:

> That is not to say that a district court may not consider whether a defendant exhibited "exceptionally good behavior" when exercising its broad discretion to resolve motions for early termination of supervised release. Indeed, we might expect that district courts will "generally" find early termination proper only when exceptionally good conduct or other changed circumstances are present. *See Melvin*, 978 F.3d at 53. After all, compliance with all conditions "is expected of an individual on supervised release," *Butler*, 2023 WL 6552878, at *2, and non-compliance is a ground for revocation, *see* 18 U.S.C. § 3583(e)(3).

United States v. Hale, 127 F.4th at 641.

Tyler argues in his motion that his term of supervised release should be terminated because he has thus far complied with all conditions. He offers nothing beyond that to warrant altering his sentence to shorten his term of supervision.

While Tyler's conduct while on supervised release is laudable, the Court finds it is not so unusual as to warrant early termination. After all, "full compliance with the terms of supervised

release is what is expected of a person under the magnifying glass of supervised release." United States v. McKay, 352 F. Supp. 2d 359, 361 (S.D. N.Y. 2005). Likewise, productive employment, while also laudable, does not justify early termination of supervision. United States v. Vary, 683 F. Supp. 3d 666, 669 (E.D. Mich. 2023). If compliance with the terms of supervised release warranted early termination, then "the exception would swallow the rule." Id.

This Court has also considered the factors in 18 U.S.C. § 3553(a) and finds that they do not favor early termination.

Thus, Tyler's motion for early termination of supervised release is denied.

**SO ORDERED.**

Dated: September 21, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 21, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager